UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

BRANDON J. ORTEGO (#478613)     DOCKET NO. 1:15-CV-1197; SEC. P

VERSUS     JUDGE DRELL

NATHAN CAIN, ET AL.     MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Plaintiff, Brandon J. Ortego, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections ("LDOC"), and he is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He complains that he was denied adequate medical care when he was housed at Avoyelles Correctional Center. He seeks injunctive relief, nominal damages, compensatory damages, punitive damages, and fees and costs. He names as defendants Warden Nathan Cain, Dr. George E. Smith, and Nurse Sandra Sibley.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Allegations

Plaintiff alleges that on June 2, 2014, he was being transported from Avoyelles Correctional to Elayn Hunt Correctional Center. He notified the transporting officer that he was about to experience a seizure. The officer pulled the van over and assisted Plaintiff until the seizure was over. The officer then transported

Plaintiff back to Avoyelles Correctional for emergency medical care. [Doc. #1, p.3] Plaintiff was treated by a nurse for a laceration on his head. Afterward, Plaintiff was examined by Dr. George Smith and Nurse Sandra Sibley. Plaintiff advised that he was experiencing unfamiliar symptoms following the seizure, including problems with his vision and his ability to stay awake. [Doc. #1, p.4]

Plaintiff was escorted to a dark examination room and instructed to lie on a mattress. He complains that the room was cold, and he was not provided a blanket for the ninety minutes that he was in the room. He complains that he was in direct reach and vicinity of dangerous objects that could have caused him serious harm or death if he experience another seizure. Plaintiff was kept in full restrains, which could also have posed a serious risk if he had another seizure. Ultimately, Plaintiff did not have another seizure that day.

On June 4, 2014, Plaintiff was brought before a disciplinary court for a hearing on a rule violation charge. He told the board that he should not be in an isolation cell because he has seizures. The Board contacted the medical department, which said that Plaintiff could be in isolation. Plaintiff was sentenced to ten days isolation and loss of phone privileges for his disciplinary violation. Plaintiff complains that he could have had a seizure when he was in isolation and could have suffered life-threatening

injuries or death.  He did not experience any more seizures during that time, however.

Plaintiff complains that, following his seizure and head injury of June 2, 2014, he suffered random "minor blackouts, massive headaches, and dizziness." [Doc. #1, p.7]  On January 15, 2015, Plaintiff made a sick call, and he was examined by Dr. Pamela Horn on January 29, 2015.  Dr. Horn prescribed Atenolol 25mg daily and weekly blood pressure checks.  Plaintiff states that he has experienced no further complications. [Doc. #1, p.7]

*Law and Analysis*

Plaintiff seeks damages and injunctive relief with regard to the medical care he received at AVC.  He asks that the licenses of Dr. George Smith and Nurse Sandra Sibley be revoked so that they can no longer practice medicine.  He asks that he be transferred to another facility that can handle his medical needs.  He also seeks monetary damages.

To state a civil rights claim for the denial of medical care, a prisoner must allege that the prison authorities were deliberately indifferent to the prisoner's serious medical needs. See <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-04 (1978); <u>Hare v. City of Corinth, Miss.</u>, 74 F.3d 633, 650 (5th Cir. 1996). Only deliberate indifference, an "unnecessary and wanton infliction of pain ... or acts repugnant to the conscience of mankind" is proscribed by the Eighth Amendment.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. at 105-106.

Plaintiff has not alleged deliberate indifference by the defendants. He does not allege that he was ever refused medical treatment. He was treated the date of the seizure, and no further seizure activity was noted that date. He next asked for medical care in January 2015, and he was again treated that day. Plaintiff does not allege that he has been deprived of any of life's necessities, nor does he allege that the defendants acted with any deliberate indifference toward him.

"[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino, 239 F.3d at 756 (citing Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir.1985)). To the extent that Plaintiff disagrees with the treatment he received, his claim fails. Disagreement with diagnosis and treatment cannot support a claim of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff's complaints actually center around what *could* have happened in June 2014, while in isolation, had he experienced another seizure. However, he did not experience another seizure, and he suffered no injury as a result of isolation. Pursuant to 42 U.S.C.A. §1997e, "No Federal civil action may be brought by a

prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." A complaint that Plaintiff *could have suffered* an injury is not actionable under §1983.

Plaintiff seeks a transfer to another prison that is better equipped to handle his medical needs. To the extent that he sought a transfer form AVC, his claim is moot, as he is now housed at David Wade Correctional Center. To the extent that he seeks a transfer from DWCC to another facility, his claim fails, as a prisoner does not have a right to be housed at any particular facility. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-225 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982). Finally, Plaintiff has not complained of any deprivations of medical care at DWCC.

*Conclusion*

The Court is convinced that Plaintiff has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be

granted under 28 U.S.C. §1915(e)(2)(b) and §1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE